IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RUSSELL WAYNE BULLOCK,<br><br>Petitioner,<br><br>vs.<br><br>PETE BLUDWORTH, WARDEN CROSSROADS CORRECTIONAL CENTER; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 22-22-BU-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On March 9, 2022, state pro se petitioner Russell Wayne Bullock filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. See, (Doc. 1.) Bullock was advised it appeared his petition was untimely and the claims contained therein were procedurally defaulted. (Doc. 3.) He was informed of the relevant standards and notified that unless he could demonstrate a basis to excuse his late filing and the default of his claims, the matter would be recommended for dismissal with prejudice. *Id*. at 5-9. Mr. Bullock timely responded to the Court's Order. (Doc. 4.) He also filed a Rule 60 Motion for Relief from Judgment. (Doc.

1

5.) Mr. Bullock's response and his Rule 60 Motion will be addressed herein.

This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). As explained herein, because Mr. Bullock's petition is untimely and the claims are procedurally defaulted without excuse, this matter should be dismissed.

**I.    Rule 60 Motion**

Mr. Bullock cites from this Court's Order to Show Cause in which it was noted that following his direct appeal and entry of the amended judgment, Bullock did not file a subsequent appeal. (Doc. 5 at 1-2), citing, Or. (Doc. 3 at 5.) Bullock then explains in his responsive pleading, (Doc. 4 at 2), and in his "Motion for Rule 60," (Doc. 5 at 2), that he made a "mistake" when he failed to file a notice of intent to appeal his post-conviction judgment.

There are at least two issues that preclude relief on Bullock's motion. In the passage that Bullock references, this Court was discussing the fact that upon remand for correction of the surcharge and entry of the amended judgment in Bullock's underlying criminal case, no further appeal was filed. In Bullock's subsequent filings, he seems to indicate that he intended to file an appeal in his post-conviction proceedings. As discussed in a prior order, Bullock did file a

postconviction petition, which was denied as untimely; he then appealed of the denial of postconviction relief. The Montana Supreme Court affirmed the denial of Bullock's postconviction petition. See e.g., (Doc. 3 at 2-3)(discussing the state proceedings and decisions). Thus, it appears Bullock may be confusing his arguments about what he actually intended to, or did, appeal.

In any event, that matters not, because this Court cannot provide Bullock relief under Rule 60. Bullock seeks relief under Rule 60(a)(1) based upon his "mistake" of failing to timely file a notice of appeal. (Doc. 5 at 2.)[1] Rule 60 allows a party to seek relief from a final judgment based upon "mistake, advertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). But there has been no final judgment or order entered in *this* Court from which relief may be provided.

Moreover, federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and/or

---

[1] The Court would note that there is no Rule 60(a)(1). Subsection (a) refers to clerical mistakes made by the Court. The Court presumes Bullock means to bring his motion under Rule 60(b)(1).

3

intervene in Mr. Bullock's state proceedings. To the extent that Bullock wishes to challenge a final order or judgment issued by the state court, he must do so there. Accordingly, Mr. Bullock's Rule 60 Motion will be denied.

## II. 28 U.S.C. § 2254 Petition

The procedural history of Mr. Bullock's state court proceedings has been addressed at length in a prior order of the Court and will not be repeated herein. See, (Doc. 3 at 1-4.) As explained below, Mr. Bullock has failed to demonstrate that his petition should not be dismissed as untimely and procedurally defaulted. Accordingly, the Court recommends dismissal.

### i. Statute of Limitations

Mr. Bullock was advised of the showing he would need to make in order to excuse his late filing. *Id.* at 6. Mr. Bullock does not dispute that his filing in this Court is untimely, nor does he argue that the limitations period should be equitably tolled or that he has new evidence to demonstrate his actual innocence. See, (Doc. 4 at 2.) Instead, he indicates he mistakenly omitted to "file an appeal of his post-conviction denial but did proceed to file an appeal." *Id.* He believes the Rule 60 Motion discussed above will cure his statute of limitations issue. *Id.*

But as set forth above, the Rule 60 Motion Mr. Bullock attempts to file in this Court has no basis in fact or law. Moreover, it does not excuse his late filing. Accordingly, Mr. Bullock's petition is untimely and should be dismissed. See, 28

U.S.C. § 2244.

### ii.     Procedural Default

As previously explained, a procedural default may be excused for a fundamental miscarriage of justice.  See, *Cook v. Schriro,* 538 F. 3d 1000, 1028 (9th Cir. 2008).  Such a showing is made when a petitioner can show that a constitutional violation probably caused the conviction of one innocent of the crime.  *Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007)(en banc).  "Actual innocence" means factual innocence, not a mere legal insufficiency.  See, *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); see also, *Jaramillo v. Stewart*, 340 F. 3d 877, 882 (9th Cir. 2003).

Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup*, 513 U.S. at 316 & n. 32.  The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  *Id*. at 321.  To be credible, however, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence- that was not presented at trial." *Schriro*, 538 F. 3d at 1028 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, Mr. Bullock has presented no newly discovered evidence that would demonstrate he is actually innocent of Sexual Intercourse without Consent or Burglary. He asserts that the State "faked" the waiver of rights form in order to get his signature to search for DNA and did so in a way that fraudulently imputed that Bullock was the only connection to the crime. (Doc. 4 at 2.) Bullock also claims that out of court transcripts were used as that was "the only way to get a conviction." *Id*.

But the problem is that these issues were known to Bullock following his trial and, therefore, are not "newly discovered." One of the claims raised on direct appeal was that the trial court erred when it allowed officers to read from a transcript of Bullock's prior statement to refresh witnesses' recollections. See, *State v. Bullock*, 2017 MT 182, ¶ 1. The Montana Supreme Court addressed this issue and affirmed the lower court and Bullock's convictions. Moreover, Bullock's opinion or conjecture about the evidence and testimony that was presented does not meet the high evidentiary showing demanded by *Schlup*.

Tenable actual-innocence gateway pleas are rare. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schlup*, 513 U.S. at 329). This standard permits review only in

6

the "extraordinary" case. *Schlup*, 513 U.S. at 324-27. Mr. Bullock's case is not an extraordinary one; he has failed to make the showing demanded by *Schlup*. Accordingly, Mr. Bullock has failed to demonstrate that adhering to the present procedural default of his petition would constitute a fundamental miscarriage of justice. The claims remain procedurally defaulted.

### iii. Conclusion

The claims contained in Mr. Bullock's petition are untimely and procedurally defaulted without excuse. Mr. Bullock has not demonstrated a valid basis to excuse his late filing or to set aside the procedural default. Accordingly, this matter should be dismissed with prejudice.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Bullock has not made a substantial showing that he was deprived of a constitutional right.  He has failed to excuse his untimely filing or demonstrate the existence of a fundamental miscarriage of justice necessary to set aside the procedural default.  Accordingly, his is petition is both procedurally defaulted and time barred.  Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability should be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Bullock's Motion Pursuant to Rule 60 (Doc. 5) is DENIED.

## RECOMMENDATIONS

1. Mr. Bullock's Petition (Doc. 1) should be DISMISSED with prejudice as time-barred and procedurally defaulted.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bullock may file objections to these Findings and Recommendations within fourteen (14) days after service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of August, 2022.

>*/s/ John Johnston*
>John Johnston
>United States Magistrate Judge